968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
REVCO D.S., INC., and Carter-Glogau Laboratories, Inc.,
Plaintiffs-Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, and First State
Insurance Company, Defendants-Appellees,
New England Insurance Company, Defendant.
 No. 91-3897.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs, Revco D.S., Inc., and Carter-Glogau Laboratories, Inc., appeal from an order of the district court granting summary judgment to defendants, Government Employees Insurance Company (GEICO) and First State Insurance Company, in a lawsuit arising from a dispute over insurance coverage. Plaintiffs sought a ruling from the district court that they were entitled to "drop down" insurance coverage from defendants when other insurers became insolvent and unable to cover plaintiffs' losses resulting from liability incurred when they manufactured and distributed a Vitamin E solution which was administered to premature infants. The product was said to have been responsible for the death and injury of over 100 infants. Revco distributed the product, and its wholly owned subsidiary, Carter-Glogau Laboratories, manufactured it.
 
 
 2
 Plaintiffs had constructed a complex system of liability insurance, involving primary coverage supplemented by numerous layers or levels of excess coverage. GEICO shared responsibility for excess coverage at the third level with an insurer that became insolvent, while First State was obligated to provide excess coverage at the fourth level. With claims exceeding $27,000,000, the primary carrier exhausted its coverage by paying out $2,000,000. The second-level carrier paid only a portion of its $25,000,000 excess coverage obligation before becoming insolvent. At level three, GEICO was obliged to pay up to $10,000,000 and the insolvent third-level insurer up to $15,000,000 of claims in excess of the $27,000,000 represented by the first and second levels. GEICO paid approximately $7,000,000, an amount representing forty percent of the claims in excess of $27,000,000, deeming that to be its share of level three coverage. First State paid nothing, as claims did not exceed $52,000,000.
 
 
 3
 Essentially, plaintiffs claimed that GEICO and First State were required to "drop down" and cover the deficiency occasioned by the insolvency of the second-level carrier, and that GEICO was required to pay 100 percent of the claims at level three up to $10,000,000, rather than a pro rata forty percent.
 
 
 4
 In the course of an exhaustive and well-reasoned opinion, the district court rejected plaintiffs' claims. We affirm.
 
 
 5
 As the reasons why judgment should be entered for defendants have been articulated by the district court, the issuance of a traditional opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning set out by that court in its opinion filed August 28, 1991, and published as Revco D.S., Inc. v. Government Employees Ins. Co., No. 5:89-CV-0457, 1991 WL 333665 (N.D. Ohio Aug. 28, 1991).